IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JONATHAN RINCON<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, and<br><br>MARTIN GARCIA<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015,<br><br>      Plaintiffs,<br><br>  v.<br><br>SYS-CON LLC,<br>2805 Peachtree Industrial Blvd., Ste 210<br>Duluth, GA 30097,<br><br>      Defendant. | CIVIL ACTION NO. |

**COMPLAINT**

Plaintiffs, Jonathan Rincon, and Martin Garcia, (collectively "Plaintiffs"), by and through their undersigned counsel, O'Donoghue & O'Donoghue LLP, hereby bring suit against Defendant Sys-Con, LLC ("Defendant" or "Sys-Con") to recover damages under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and under common law breach of contract.

1. This action arises from a construction contract Sys-Con LLC obtained to perform plumbing, pipefitting, and welding work on a new construction project for Hyundai Motor Companies at 10484 US-280, Ellabell, GA 31308 ("the Project").

2. As explained below, Defendant Sys-Con LLC failed to pay Plaintiffs for a substantial part of their work.

1

## PARTIES

3. Plaintiffs are adult residents of the state of Georgia. While working on the Project, Plaintiffs were "engaged in commerce" within the meaning of the FLSA. Plaintiffs were also employees of Defendant Sys-Con within the meaning of the FLSA.

4. Defendant Sys-Con LLC is an Alabama limited liability company and provides "general contracting, design/build, construction management (CM), preconstruction services, facility maintenance, facility automation and building maintenance services" in Georgia and nationally. Sys-Con LLC regularly conducts business in Georgia. Sys-Con LLC's principal place of business is located at 2805 Peachtree Industrial Blvd., Ste 210, Duluth, GA, 30097. Sys-Con LLC's resident agent for service of process is Dayeon Kang, 2805 Peachtree Industrial Blvd., Ste 210, Duluth, GA, 30097.

5. At all times relevant to this Complaint, Sys-Con was an enterprise engaged in commerce within the meaning of the FLSA. Upon information and belief, at all times relevant to this Complaint, the annual gross volume of business of Sys-Con exceeded $500,000. Additionally, Sys-Con employed employees that "engaged in commerce" within the meaning of the FLSA. Finally, employees of Sys-Con handled, sold, or otherwise worked on goods and/or materials that had been moved in or produced for commerce Defendant.

6. At all times relevant to this Complaint, Plaintiffs completed 100% of their work for Defendants in Georgia.

## JURISDICTION

7. Plaintiffs are asserting causes of action that arise under the FLSA and under common law breach of contract.

8. The jurisdiction of this Court is based on 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has subject matter jurisdiction under § 1331 because Plaintiffs' claims involve federal questions, and has pendant jurisdiction over the Plaintiffs' state law claims. 28 U.S.C. § 1367.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## FACTUAL ALLEGATIONS

10. During the period from approximately October 23, 2023, through the present, Plaintiffs performed plumbing, piping, and welding work at a new construction project for Hyundai Motor Companies located at 10484 US-280, Ellabell, GA 31308 (the "Project") for the Defendant.

11. At all times relevant to the Complaint, Sys-Con constitutes the employer of Plaintiffs.

12. Sys-Con hired Plaintiffs and assigned their work on the Project. Specifically, after Sys-Con hired Plaintiffs and throughout the time Plaintiffs performed work on the Project for Defendant, Defendant's representatives were on the job site every day for the entire work-day, providing material, issuing safety gear, directing Plaintiffs' work and controlling Plaintiffs' schedule, and directing Plaintiffs to sign time sheets retained by Sys-Con and to "punch" time cards. Sys-Con representatives exerted ultimate control over the manner and means by which work was performed by the Plaintiffs. Plaintiffs worked alongside approximately fifty other Sys-Con employees performing the same work and working substantially the same hours as Plaintiffs.

13. Defendant established the wages that Plaintiffs were to be paid under the terms and conditions of their agreement.

14. Defendant provided the equipment and material for the Project to Plaintiffs.

15. Plaintiffs ceased working on the Project for Defendant on or before July 15, 2024, after Defendant Sys-Con failed to pay the Plaintiffs for all hours where substantial work was performed on the Project.

16. At all times relevant to the Complaint, each Plaintiff had an agreed upon wage-rate for each hour of work that they performed.

17. The information contained below about the hours worked by Plaintiffs and the weeks for which they did not receive any pay or adequate pay are estimates and Plaintiffs reserve the right to amend the Complaint to correct or clarify these claims as additional facts become available.

18. Plaintiff Martin Garcia was employed by the Defendants on the Project from on or about October 25, 2023, through July 18, 2024.  His agreed upon hourly wage rate was $21.00 per hour from October 25, 2023 through December 31, 2023, and $25.00 per hour from January 1, 2024 through July 18, 2024.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $21.00 per hour, or $25.00 per hour, as applicable – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.  Defendants failed to pay him at the overtime rate for 582 hours of work performed on the Project during the period of October 25, 2023, through July 18, 2024. Accordingly, he is owed approximately $8,719.50, not inclusive of liquidated damages or penalties.

19. Plaintiff Jonathan Rincon was employed by the Defendants on the Project from on or about February 5, 2024, through June 28, 2024.  His agreed upon hourly wage rate was $25 per hour.  During his employment with Defendant, Defendant only paid Plaintiff Jonathan Rincon $21 per hour. Defendant failed to pay him entirely for 50 hours of work performed on the Project during

4

the period of June 24, 2024, through June 28, 2024. Plaintiff Jonathan Rincon regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $21 per hour – *i.e.*, he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Accordingly, he is owed approximately $5,125.00 in unpaid overtime wages, for the entire period he worked on the Project, not inclusive of liquidated damages or penalties, and not including unpaid straight time wages.

## **COUNT I**

### **VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA**

20. Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 20 as if fully set forth in Count I.

21. Defendant Sys-Con was the "employer" of Plaintiffs within the meaning of 29 U.S.C. § 203(d).

22. Plaintiffs were employees of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

23. Defendant was an enterprise engaged in commerce and/or Plaintiffs were engaged in commerce within the meaning of 29 U.S.C. §§ 203(s), 207(a) and 215(a).

24. Defendant violated the overtime provisions of 29 U.S.C. § 207, by failing to pay Plaintiffs one and one half times their regular hourly rate for each hour over forty that they worked during several work weeks.

25. Defendants knowingly, and willfully and/or negligently violated the FLSA by failing to compensate Plaintiffs at the statutory rate for overtime hours.

26. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs seek their unpaid overtime wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as

is deemed appropriate by the Court.

## COUNT II

## VIOLATIONS OF THE PROMPT PAYMENT PROVISIONS OF FLSA

27. Plaintiffs restate and incorporate by reference the allegations set forth in paragraphs 1-20 as if fully set forth in Count II.

28. For all times relevant to this Complaint, Defendant did not promptly pay Plaintiffs' overtime wages on regular payment dates as required by law. FLSA requires that overtime compensation be paid promptly on regular payment dates. Defendant violated FLSA by failing to pay full wages promptly on regular payment dates for overtime hours worked by Plaintiffs.

29. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs seek their unpaid overtime wages, an additional equivalent amount of the unpaid wages as liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as deemed appropriate by the Court.

## COUNT III

## VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF FLSA

30. Plaintiffs restate and incorporate by reference the allegations set forth in paragraphs 1-20 as if fully set forth in Count III.

31. From June 24, 2024, through June 28, 2024, during his employment, Defendant did not pay Plaintiff Jonathan Rincon the wages Defendant had agreed to pay nor did Defendant pay the minimum wage required by law.

32. Section 6(a) of the FLSA provides that "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employment in an enterprise engaged in commerce or in the production of goods

for commerce, wages at [certain specified] rates[.]" 29 U.S.C. § 206(a).

33. FLSA further requires that wages be paid promptly on regular payment dates.

34. Defendant violated FLSA by failing to pay minimum wages to Plaintiff Jonathan Rincon and failing to pay wages promptly on the regular payment date.

35. Defendant's failure to pay minimum wages and failure to pay wages promptly was done knowingly.

36. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff Jonathan Rincon seeks his unpaid wages of $1,250.00, an equivalent amount of unpaid wages as liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as is deemed appropriate by the Court.

## COUNT IV

## COMMON LAW BREACH OF CONTRACT

37. Plaintiffs restate and incorporate by reference the allegations set forth in paragraphs 1-20 as if fully set forth in Count IV.

38. Defendant entered into an oral employment agreement with Plaintiff Jonathan Rincon on February 3, 2024. Defendant offered Plaintiff Jonathan Rincon employment with Defendant when the Defendant's representative requested Plaintiff Jonathan Rincon sign forms related to employment, take a drug test, and begin work on the Project on February 5, 2024.

39. Plaintiff Jonathan Rincon accepted Defendant's offer of employment when he signed the forms and began working on the Project on February 5, 2024.

40. In exchange for performance of duties at the Project, Defendant agreed to compensate Plaintiff Jonathan Rincon at $25 per hour for each hour worked.

41. Throughout his employment with Defendant, Plaintiff Jonathan Rincon only received $21 per hour.

42. Pursuant to the terms of the oral agreement, Defendant is liable to Plaintiff Jonathan Rincon for unpaid wages due to Plaintiff at approximately $3,200, and such other and further relief as deemed appropriate by the Court.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I, II, III, IV as follows:

1. That the Court find the Defendant Sys Con LLC liable in the amount of unpaid wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the FLSA, 29 U.S.C. § 216(b) and common law breach of contract.

2. To enter judgment against the Defendants in the amount of reasonable attorneys' fees and costs incurred by the Plaintiffs in bringing this action;

3. For such further relief as the Court may deem appropriate.

Dated: August 28, 2024                                          Respectfully submitted,

<p style="margin-left: 50%;">
<u>s/Tessa A. Warren</u><br>
Tessa A. Warren<br>
Georgia Bar No. 435157<br>
<b>QUINN, CONNOR, WEAVER,<br>
DAVIES & ROUCO LLP</b><br>
4100 Perimeter Park South<br>
Atlanta, GA  30341<br>
Telephone (205) 870-9989<br>
twarren@qcwdr.com<br>
<br>
Andrew Costa-Kelser*<br>
Christine Kumar*<br>
<b>O'DONOGHUE & O'DONOGHUE LLP</b><br>
5301 Wisconsin Avenue NW, Suite 800<br>
Washington, DC 20015<br>
Telephone (202) 362-0041<br>
akelser@odonoghuelaw.com<br>
ckumar@odonoghuelaw.com<br>
<br>
*Pro Hac Vice Pending
</p>