IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JONATHAN RINCON and
MARTIN GARCIA,

      Plaintiffs,

v.

SYS-CON LLC,

      Defendant.

CIVIL ACTION CASE NO.
4:24-cv-00194-RSB-CLR

## DEFENDANT SYS-CON LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant Sys-Con LLC (hereinafter, "Defendant"), by and through its undersigned counsel, and files its Answer and Affirmative Defenses to Plaintiffs' Complaint, pursuant to and within the time provided by F.R.C.P. 12(a)(1)(A)(i), as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted against Defendant.

## SECOND DEFENSE

At all times, Defendant acted in good faith and had reasonable grounds for believing its actions were in compliance with the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

## THIRD DEFENSE

Defendant invokes the defenses, protections and limitations of the FLSA.

## FOURTH DEFENSE

Defendant did not know, nor did it show reckless disregard for, whether its alleged conduct was prohibited by the FLSA.

## FIFTH DEFENSE

Plaintiffs' claims may be barred in whole or in part by the applicable statute of limitations.

## SIXTH DEFENSE

Plaintiffs' Complaint is barred to the extent Plaintiff seeks recovery for time that is not compensable time, *i.e.*, "hours worked" under the FLSA.

## SEVENTH DEFENSE

In the alternative, Defendant is entitled to a set-off of monies or other consideration paid or provided to Plaintiffs for periods in which Plaintiffs were not engaged to work.

## EIGHTH DEFENSE

To the extent Plaintiffs seek damages not recoverable under the FLSA, Plaintiffs are barred from any such recovery.

## NINTH DEFENSE

Defendant's actions were taken in good-faith in conformity with, and/or reliance on, administrative regulations, orders, rulings, approval, interpretation or practice of the Department of Labor such that Plaintiffs' claim for overtime wages and/or liquidated damages should be barred.

## TENTH DEFENSE

Plaintiffs are seeking damages that are remote and speculative, and as such, those damages are not recoverable.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred because they have failed to join indispensable parties under Fed. R. Civ. P. 19, i.e. H&B USA, LLC and PPE Trading Co LLC (who were subcontractors of Defendant and employed Plaintiff), in the absence of which the Court cannot accord complete relief among the existing parties.

## TWELFTH DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of waiver, estoppel, unclean hands and laches.

## THIRTEENTH DEFENSE

Defendant's actions taken were in good faith and they had reasonable grounds to believe that their actions were not a violation of the FLSA, and thus, no liquidated damages should be awarded against Defendant.

## FOURTEENTH DEFENSE

Even if Plaintiffs are deemed to be non-exempt employees of this Defendant and entitled to overtime wages, Plaintiffs did not incur any unpaid overtime wages.

## FIFTEENTH DEFENSE

Plaintiffs' claims for an alleged minimum wage violation are without merit as each Plaintiff was paid for each and every hour worked, at a rate well above minimum wage.

## SIXTEENTH DEFENSE

Any damages recoverable by Plaintiffs should be barred and/or reduced by the after-acquired evidence doctrine, to the extent discovery supports the same.

## SEVENTEENTH DEFENSE

Plaintiffs are not entitled to any form of recovery in this action because Defendant's actions toward Plaintiffs were at all times lawful.

## EIGHTEENTH DEFENSE

Defendant reserves the right to plead other affirmative defenses which may become known during its continuing investigation and during discovery in this case.

## NINETEENTH DEFENSE

Plaintiffs have been paid all wages which were due and owing, and to which they were entitled.

## TWENTIETH DEFENSE

Defendant was not Plaintiffs' employer under the FLSA.

## TWENTY-FIRST DEFENSE

Defendant was not a joint employer of Plaintiffs under the FLSA.

## TWENTY-SECOND DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrines of ratification, acquiescence, accord and satisfaction, settlement, consent, agreement, payment and release.

## TWENTY-THIRD DEFENSE

The activities for which Plaintiffs were allegedly not compensated involved only insubstantial and insignificant periods of time, and are *de minimis*, and are not compensable under the FLSA or any other applicable law or regulation.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred as to all hours during which Plaintiffs were engaged in activities that were preliminary or postliminary to their principal activities.

## TWENTY-FIFTH DEFENSE

Plaintiffs were not in privity of contract with Defendant.

## TWENTY-SIXTH DEFENSE

Defendant did not breach any contract it had with Plaintiffs.

## **TWENTY-SEVENTH DEFENSE**

Without waiving the above-enumerated affirmative defenses, Defendant responds to the numbered paragraphs of Plaintiffs' Complaint, as follows:

### 1.

Defendant admits the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

### 2.

Defendant denies the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

## **PARTIES**

### 3.

Defendant denies the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

### 4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

### 5.

Defendant admits the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.

Defendant denies, as stated, the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

## **JURISDICTION**

7.

Defendant admits the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.

Defendant admits the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.

Defendant admits the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

## **FACTUAL ALLEGATIONS**

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.

Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint as stated.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint, and can therefore neither admit nor deny same. To the extent a response is required, Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint, and can therefore neither admit nor deny same. To the extent a response is required, Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

## **COUNT I**

## **ALLEGED VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA**

20.

Defendant realleges and incorporates its responses to Paragraphs 1 through 19 hereinabove, as if fully set forth herein in response to Paragraph 20 of Plaintiffs' Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.

Defendant admits the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

## COUNT II

## ALLEGED VIOLATIONS OF THE PROMPT PAYMENT PROVISIONS OF FLSA

27.

Defendant realleges and incorporates its responses to Paragraphs 1 through 26 hereinabove, as if fully set forth herein in response to Paragraph 27 of Plaintiffs' Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

## COUNT III

## ALLEGED VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF FLSA

30.

Defendant realleges and incorporates its responses to Paragraphs 1 through 29 hereinabove, as if fully set forth herein in response to Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.

Defendant admits the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.

Defendant admits the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

## <u>COUNT IV</u>

## <u>ALLEGED COMMON LAW BREACH OF CONTRACT</u>

### 37.

Defendant realleges and incorporates its responses to Paragraphs 1 through 36 hereinabove, as if fully set forth herein in response to Paragraph 37 of Plaintiffs' Complaint.

### 38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

### 39.

Defendant denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

### 40.

Defendant denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

### 41.

Defendant denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.

Defendant denies each and every allegation of Plaintiffs' Complaint that has not heretofore been admitted, denied or controverted.

44.

Defendant denies Plaintiffs' "WHEREFORE", including subparagraphs (1) through (3).

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant prays that:

(a) judgment be entered in favor of Defendant;

(b) that Defendant be discharged without any liability to Plaintiffs with respect to their claims under FLSA 29 U.S.C. § 216(b);

(c) that Defendant have a trial by jury as to all issues properly triable by a jury;

(d) that all costs be assessed against Plaintiffs; and

(e) that Defendant obtain such other relief as this Court deems just and appropriate.

This  11th  day of October, 2024.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/  Anandhi S. Rajan*
Anandhi S. Rajan
Georgia Bar No. 592760
R. Scott Connally (admission pending)
Georgia Bar No.: 171421
***Attorneys for Defendant***

1420 Peachtree St. NE
Suite 800
Atlanta, GA 30309
P: 404-874-8800
F: 404-888-6199
anandhi.rajan@swiftcurrie.com
scott.connally@swiftcurrie.com

## <u>CERTIFICATE OF FONT & CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was prepared in Times New Roman 14-point font.  This is to also certify that I have this day served a copy of the within and foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** with the Clerk of Court using the CM/ECF system and notification of such filing will be sent electronically by the ECF system to all parties to this matter, addressed as follows:

Tessa A. Warren
QUINN, CONNOR, WEAVER,
DAVIES & ROUCO LLP
4100 Perimeter Park South
Atlanta, GA 30341

Andrew Costa-Kelser
Christine Kumar
O'DONOGHUE & O'DONOGHUE LLP
5301 Wisconsin Avenue NW, Suite 800
Washington, DC 20015

This <u>11th</u> day of October, 2024.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/  Anandhi S. Rajan*                            .
Anandhi S. Rajan
Georgia Bar No. 592760
R. Scott Connally (admission pending)
Georgia Bar No.: 171421
***Attorneys for Defendant***

1420 Peachtree St. NE
Suite 800
Atlanta, GA 30309
P: 404-874-8800
F: 404-888-6199
anandhi.rajan@swiftcurrie.com
scott.connally@swiftcurrie.com

4887-1776-0481, v. 3