UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JONATHAN RINCON and<br>MARTIN GARCIA,<br><br>    Plaintiffs,<br><br>v.<br><br>SYS-CON, LLC,<br><br>    Defendant,<br><br>v.<br><br>H&B USA LLC, and PPE Trading Co. LLC<br><br>    Third Party Defendants | CIVIL ACTION CASE NO. 4:24-cv-00194-RSB-CLR |

## MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES' SECOND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENTS

Plaintiffs and Defendant respectfully submit this Memorandum of Law in support of their Second Joint Motion to Approve FLSA Settlement Agreements.

The Court's approval of the FLSA Settlement Agreements is appropriate because this case includes claims for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, among other claims. The Settlement Agreements resolve all claims in the lawsuit alleging that Defendant failed to pay straight time wages and overtime wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and under common law breach of contract. Plaintiffs and Defendant respectfully submit that the terms of the settlement, as memorialized in the Settlement Agreement and Full and Final Release of Claims for Unpaid Wages, for each Plaintiff ("Settlement Agreements") attached hereto as Exhibit 1, resolve bona fide disputes and are fair and reasonable, so that it satisfies the criteria for approval under

Section 216(b) of the FLSA. For these reasons and as more fully explained below, the Plaintiffs and Defendant request that the Court approve the Settlement Agreements in this case.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiffs filed the present action against Defendant on August 28, 2024. (Docket No. 1.) Plaintiffs assert causes of action against Defendant Sys-Con LLC to recover unpaid wages and related damages under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and under common law breach of contract, for work performed by Plaintiffs on a construction project for Hyundai Motor Companies in Ellabell, Georgia ("the Project").

Plaintiffs alleged that Defendant Sys-Con LLC failed to pay them overtime wages for the entire time they worked on the project, and accordingly, were due back wages in the amount of $13,844.50, not including liquidated damages or penalties. Plaintiff Jonathan Rincon also alleged Defendant Sys-Con LLC failed to pay him entirely for 50 hours of work performed on the project, at an hourly rate of $25.00, and accordingly, was due back wages in the amount of $4,450, not including liquidated damages or penalties. Defendant Sys-Con LLC denied these claims and alleged that it was not Plaintiffs' "employer" under the FLSA.

On October 14, 2024, Defendant Sys-Con requested a settlement demand, and on October 18, 2024, Plaintiffs presented their settlement proposal to Defendant Sys-Con. On October 25, 2024, Defendant Sys-Con filed a Third Party Complaint, alleging that H&B USA LLC and PPE Trading Co., LLC, were liable to Defendant Sys-Con LLC for any damages it may be found liable for to Plaintiffs. Defendant Sys-Con informed Third-Party Defendants H&B USA LLC and PPE Trading Co. LLC of Plaintiffs' settlement demand.

On November 22, 2024, the Plaintiff and Defendant agreed to settle the matter for the amount of Plaintiffs' settlement demand of $43,389.00 which is to be paid by Third Party Defendant PPE Trading Co. LLC to Plaintiffs, as set forth in the Settlement Agreements. Over

the following days, the Plaintiffs, Defendant and Third Party Defendants have finalized the terms of the Settlement Agreements.

On December 2, 2024, the Plaintiffs and Defendants filed a Joint Motion for Approval of FLSA Settlement, Docket 19 (hereinafter, "Joint Motion."). On July 18, 2025, the Court denied the Joint Motion without prejudice, citing numerous defects with regard to the Settlement Agreements. *See* Order Denying Joint Motion for Approval of FLSA Settlement, Docket 20 (hereinafter "Order"). The Parties submit this Second Joint Motion for Approval of FLSA Settlement (hereinafter, "Second Joint Motion") along with revised Settlement Agreements to cure the defects.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) permits the parties to stipulate to dismissal "[s]ubject to . . . any applicable federal statute." The District Court for the Southern District of Georgia has held that the FLSA requires court approval of the proposed settlement under which the parties may dismiss an FLSA claim with prejudice. *See, e.g.*, *Espy v. Savannah Restaurant Associates, Inc.*, 2023 WL 4836673 (S.D. Ga. July 27, 2023); *Elinknan v. RP Field Service LLC*, 2021 WL 5501814 at *1 (S.D. Ga. Aug. 3, 2021); *Giagnacovo v. Covanta Environmental Solutions, LLC*, 2020 WL 1974400 (S.D. GA Apr. 24, 2020). Accordingly, the Southern District of Georgia, Savannah Division will only approve a proposed settlement "after scrutinizing the settlement for fairness." *Espy*, 2023 WL 4836673 at *1 (quoting *Lynn's Food Stores v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982)).

A district court must therefore first assess whether there are FLSA issues actually in dispute. *Id*. Next, the district court must determine whether the settlement is a fair and reasonable compromise over the issues. *Id.*

A. **The Settlement Agreement Resolves a Bona Fide Dispute.**

The Court must determine whether the proposed Settlement Agreement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Giagnacovo*, 2020 WL 1974400 at *1. This Court has previously found that a dispute over unpaid overtime wages, and other amounts due under the FLSA, are sufficient to establish a bona fide dispute. *See Barnes v. Ferrell Elec. Inc.*, 2013 WL 5651903 (S.D. Ga., Oct. 16, 2013). In addition, an employee represented by counsel in a FLSA suit indicates "some assurance of an adversarial context[.]" *Norman v. BPR Brampton LLC*, 2021 WL 2877601 (S.D. Ga July 8, 2021); *see also Barnes* 2013 WL 5651903 at *1 ("In this case, Plaintiff filed suit and is represented by counsel, which provides some indication that a true conflict exists between Plaintiff and her employer.").

In the instant matter, there is a bona fide dispute as to the amount of straight time and overtime wages owed to the Plaintiffs, the number of hours they each worked at the Project, and the hourly rate of pay allegedly promised to Plaintiff Rincon. Similarly, Defendant Sys-Con LLC disputes that it is Plaintiffs' "employer" under the FLSA, and ultimately denies liability for all claims. These disputes would have undoubtedly been submitted for resolution at summary judgment. In addition, the Plaintiffs have been represented by counsel since the initiation of the instant complaint.

The Settlement Agreements resolve these contested issues, and the Plaintiffs are not merely waiving their FLSA rights. Plaintiffs are releasing claims of value in exchange for a settlement payment that maximizes the unpaid wages and liquidated damages the Plaintiffs are entitled to under the FLSA. For these reasons, the Settlement Agreements resolve a bona fide dispute. This Court found that this present case constituted a bona fide dispute. *See* Order at p.3.

**B. <u>The Settlement Agreement is a Fair and Reasonable Resolution</u>**.

Next, the Court must consider whether the Settlement Agreements are a "fair and reasonable" resolution of the dispute. This Court considers six factors in making a fairness determination: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) opinions of…counsel." *Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1530, n.6 (11th Cir. 1994); *Giagnacovo*, 2020 WL 19744000 at *2. Notably, courts apply a "strong presumption of fairness to FLSA settlements." *Giagnacovo*, 2020 WL 19744000 at *2.

Here, each factor weighs in favor of a finding that the Settlement Agreements are fair and reasonable, and the proposed Settlement Agreements have been modified consistent with the Court's July 18, 2025, Order, and each factor is addressed in turn below.[1]

**(1) Factor 1: Fraud or Collusion in the Settlement.**

Here, there is no evidence indicating fraud or collusion occurred in reaching a settlement. This Court has found that representations by both parties confirming there is no fraud or collusion sufficient to satisfy this factor. *See Dustin Collins v. BTS & Sons Associates, Inc.*, 2022 WL 22891343 (S.D. Ga. Mar. 3, 2022). All parties have engaged in settlement discussions and review of the settlement amount and assert that the settlement proposal is without fraud or collision. This Court found no evidence of collusion in this matter in its Order. *See* Order at p. 6. Accordingly, this factor also weighs in favor of a finding that the Settlement Agreements are fair and reasonable.

---

[1] Specifically, the Parties have modified the proposed Settlement Agreement to: 1) remove the Amendment, Modification, and Waiver Provision; 2) remove any reference to a release of entities that are not parties to this suit and affiliates and subsidiaries of Defendant Employers; 3) clarify the release only applies to claims related to the FLSA and/or wages; and 4) expressly provide that Plaintiffs' Attorneys' Fee was agreed upon separately by the parties and without regard to the amount paid to the Plaintiffs.

**(2) Factor 2: The Complexity, Expense and Likely Duration of the Litigation.**

There is no question that the instant matter would be difficult and lengthy. *See George v. Academy Mortgage Corporation (UT)*, 369 F.Supp.3d 1356 (N.D. Ga. Mar. 20, 2019) ("The FLSA and state wage and hour law claims and defenses are complex; litigating them would be both difficult and time consuming.")  The parties have engaged in meaningful settlement discussion in an effort to resolve the claims without unnecessarily spending more time and resources. *Dustin Collins* 2022 WL 22891343 at *3 (finding proposed settlement agreement represented a "genuine effort to avoid more time and resources than the Parties agree is prudent to resolve the issues."). Indeed, the Settlement Agreement resolves the claims underlying this lawsuit, which obviates the need for further involvement with the judicial system. The Court found that the litigation would have been "complex, expensive, and protracted." Order at p. 6. Therefore, the Court should reaffirm its finding that this factor weighs in favor that the Settlement Agreements are fair and reasonable.

**(3) Factor 3: Stage of Proceedings and Amount of Discovery Completed**

The instant case is in the preliminary stages. At this point, no party has issued discovery requests due to the agreement amongst the parties to resolve the matter. However, the Plaintiffs and Defendant have engaged in preliminary discovery discussions, including participating in the Rule 26(f) conference and filing a Rule 26(f) report, which included the Plaintiffs and Defendant agreeing on the schedule for formal discovery. Taken together, these exchanges, albeit limited, have enabled the parties "to make an informed decision regarding settlement." *See Giagnacovo*, at *2.  Thus, this factor weighs in favor of the Court's approval of the Settlement Agreement.

### (4) Factor 4 and 5: Probability of Plaintiffs' Success on the Merits and Range of Potential Recovery

In this case, Counsel for all Parties believe in the merits of their clients' positions, but nonetheless recognize that litigation involves uncertainty in terms of duration, cost, result, and post-judgment collection. For example, Plaintiffs will incur significant out-of-pocket costs litigating this case against three different Defendants, and each Defendant's liability is uncertain. Furthermore, Defendant Sys Con raised affirmative defenses to Plaintiffs' claims and the outcome of such defenses is uncertain. Finally, even if Plaintiffs prevail on their claims against Defendants, it may take months, if not years, to obtain a judgment, and post-judgment collection is uncertain. *See Lunsford v. Woodforest National Bank*, 2014 WL 12740375 (N.D. Ga. May 19, 2014) ("Apart from the risks, continued litigation would have involved substantial delay and expense, which further counsels in favor of [f]inal [a]pproval [of the proposed settlement agreement.") In light of the uncertainty surrounding continued litigation of this case, the certainty offered by the Settlement Agreement favors the Court's approval at this time.

With respect to the amount of settlement, the agreed-upon amount contemplates one hundred percent of the statutory damages and penalties owed pursuant to FLSA and under Georgia common law. For purposes of calculating damages owed to Plaintiffs, the Third-Party Defendants deferred to Plaintiffs' allegations in the Complaint and did not supply any timesheets of their own to contest Plaintiffs' calculations. The Plaintiffs' attorneys' fee was agreed upon separately by the parties and without regard to the amount paid to the Plaintiffs. Plaintiffs' opine that the total damages owed to Plaintiffs under FLSA and Georgia common law is $43,389.00.[2]

---

[2] The $43,389 figure amount includes: 1) $4,450.00 in unpaid straight time wages, as applicable; 2) $13,844.50 in unpaid overtime wages; 3) $15,094.50 in liquidated damages pursuant to the FLSA; and 4) $10,000.00 in attorney's fees.

Notably, through this settlement, Plaintiffs are receiving complete payment of the straight time and overtime wages owed, and the amount of the recovery equals the maximum amount they would receive under the FLSA. Thus, in light of the potential recovery of zero if the matter proceeds through litigation, the Settlement Agreements guarantee prompt payment to Plaintiffs in an amount that equals the maximum amount they would receive under the FLSA, and contemplated nearly the full scope of what they *may* be entitled to under state law. Thus, these factors weigh in favor of a finding that the Settlement Agreements are fair and reasonable.

### (5) Factor 6: Opinions of Counsel

From the outset, the Plaintiffs and Defendant have been represented by Counsel, all of whom have experience in prosecuting and defending wage-and-hour actions. Specifically, Plaintiffs are represented by multiple attorneys with O'Donoghue & O'Donoghue LLP, which is a labor, employment, and employee benefits law firm. Plaintiffs' lead counsel, Andrew Costa-Kelser, is a partner with the firm and has over ten years of civil litigation experience, with a particular focus on wage theft and FLSA cases. *See, e.g.*, *Lunsford*, 2014 WL 12740375 at *9 ("The Court should give great weight to the recommendations of counsel for the parties, given their considerable experience in this type of litigation") (internal citations omitted). Therefore, the "opinions of counsel" factor also weighs in favor of a finding that the Settlement Agreements are fair and reasonable.

## C. Attorney's Fees and Expenses

The Plaintiffs' attorney's fee is reasonable and weighs in favor of finding the Settlement Agreements fair and reasonable. The plaintiffs' attorneys' fee was agreed upon separately by the parties and without regard to the amount paid to the Plaintiffs. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III.    CONCLUSION

Having weighed the above factors and keeping in mind the overriding public interest in favor of settlement, as well as the strong presumption in favor of finding a settlement fair, the Plaintiffs and Defendant respectfully request the Court approve the Parties' Second Joint Motion for Approval of FLSA Settlement Agreements.

Respectfully submitted, this 8th day of August 2025.

/s/ Tessa Warren

*Counsel for Plaintiffs*

Tessa Warren
Georgia Bar No. 435157
Quinn, Connor, Weaver, Davies & Rouco
4100 Perimeter Park S
Atlanta, GA 30341
404-299-1211
Fax: 404-299-1288
Email: twarren@qcwdr.com

Andrew Costa-Kelser
Christine Kumar*
**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue NW, Suite 800
Washington, DC 20015
Telephone (202) 362-0041
akelser@odonoghuelaw.com
ckumar@odonoghuelaw.com

*Counsel for Defendant/Third-Party Plaintiff Sys-Con LLC*

_____

Anandhi S. Rajan
Georgia Bar No. 592760
R. Scott Connally Georgia Bar No. 171421
1420 Peachtree Street NE, Suite 800
Atlanta, GA 30309
Telephone: (404) 874-8800
Anandhi.rajan@swiftcurrie.com
Scott.connally@swiftcurrie.com