# SETTLEMENT AGREEMENT AND FULL AND
# FINAL RELEASE OF CLAIMS FOR UNPAID WAGES

This Settlement Agreement and Full and Final Release of Claims for Unpaid Wages ("Agreement") is made and entered into by and among Sys-Con, LLC ("Sys-Con"), H&B USA, LLC ("H&B"), PPE Trading Co LLC ("PPE")., and Jonathan Rincon ("Rincon"), collectively the "Parties," for the purposes of resolving and settling *Rincon,* et al. v. *Sys-Con* LLC v. H&B USA, LLC and PPE Trading Co.,LLC Case No. 4:24-cv-00194-RSB-CLR, filed in the United States District Court of Georgia, Savannah Division ("Lawsuit").

**WHEREAS,** Jonathan Rincon filed a Lawsuit against Sys-Con to collect unpaid wages, plus statutory damages, under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*, for work performed at a construction project at 10484 US-280 Ellabell, Georgia 31308 ("the Project").

**WHEREAS**, Sys-Con has filed a Third Party Complaint against H &B and PPE;

**WHEREAS**, Jonathan Rincon was hired by PPE to work at the Project;

**WHEREAS**, the Parties desire to resolve and settle all claims that Plaintiff has or may have against Sys-Con, H & B USA LLC, PPE TRADING CO LLC, their contractors, and any third parties or insurers used by them and that Sys-Con has or may have against H & B and PPE, arising from this Lawsuit;

**WHEREAS,** PPE has agreed to pay the gross amount of $15,950.00, plus attorneys' fees of $5,000.00, in consideration for the terms and actions outlined in this Agreement;

**NOW, THEREFORE**, in consideration of the covenants, mutual promises, and agreements and payment contained in this Agreement and intending to be legally bound, the Parties agree as follows:

1. **No Admission**. Sys-Con, H & B and PPE have entered into this Agreement to avoid the expense, uncertainty, and delay of possible litigation. Sys-Con, H & B and PPE expressly deny that they are liable or owe any unpaid wages or other damages to Jonathan Rincon. H & B and PPE expressly deny that they are liable or owe any indemnification for Jonathan Rincon's complaint. In no event shall this Agreement be used as evidence of liability or wrongdoing by Sys-Con, H & B USA LLC, PPE TRADING CO LLC, their contractors, or any third parties or insurers used by them.

2. **Payments and Representation by Contractors**. In consideration for the terms and actions outlined in this Agreement, PPE, within forty-eight hours of the Court's approval of this Agreement, has agreed to pay Jonathan Rincon a total gross amount of $20,950.00 ("Settlement Amount"), representing:

1

      i. $9,575.00 in unpaid wages;

      ii. $6,375.00 in in liquidated damages, which shall be treated as non-wage income and;

      iii. $5,000.00 in attorneys' fees and expenses, for which a 1099 will be issued to Rincon and his attorney, O'Donoghue & O'Donoghue, LLP. The attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff.

    Prior to the issuance of these payments, PPE may request that Jonathan Rincon provides PPE with an I.R.S. Form W-4, as well as an I.R.S. Form W-9. However, PPE agrees that it will make payment to Jonathan Rincon irrespective of the completion and production of an I.R.S. Form W-4 and/or an I.R.S. Form W-9. Furthermore, PPE agrees that Jonathan Rincon may provide, and PPE will accept, an I.R.S Form W-9 solely for purposes of the non-wage income payment without regard to Jonathan Rincon's completion and production of an I.R.S. Form W-4.

    The checks will be made out to O'Donoghue & O'Donoghue LLP to be deposited into a client trust account and mailed to Andrew Costa-Kelser, O'Donoghue & O'Donoghue LLP, 5301 Wisconsin Avenue NW, Suite 800, Washington, DC 20015, by overnight mail. These payments are in consideration for the promises and commitments set forth in this Agreement and is in full and final resolution of Jonathan Rincon's claims against Sys-Con, H & B USA LLC, PPE TRADING CO LLC, their contractors, and any third parties or insurers used by them for work performed on the Project up until the date of this Agreement, and all claims Jonathan Rincon could have brought against Sys-Con, H & B USA LLC, PPE TRADING CO LLC, their contractors, and any third parties or insurers used by them for work performed on the Project under the FLSA or any other applicable federal, state, or local wage and hour laws, as well as for unpaid wages or earnings as a matter of contract, quasi-contract, *quantum meruit*, or other applicable common law, including for any award of attorneys' fees and costs, up until the date of this Agreement. These payments are also in consideration for the promises and commitments set forth in this Agreement and is in full and final resolution of Sys-Con's claims against H & B USA LLC, PPE TRADING CO LLC, their contractors, and any third parties or insurers used by them for Jonathan Rincon's complaint against Sys-Con up until the date of this Agreement, and all claims Sys-Con could have brought against H & B USA LLC, PPE TRADING CO LLC, their contractors, and any third parties or insurers used by them for Jonathan Rincon's complaint against Sys-Con under any other applicable federal, state, or local laws, as well as for indemnification as a matter of contract, quasi-contract, *quantum meruit*, or other applicable common law, including for any award of attorneys' fees and costs, up until the date of this Agreement.

    Upon receipt of the proceeds specified in this Agreement, Rincon agrees that he has been fully paid for all hours worked on the Project and he does not have any claims for wages, overtime wages, liquidated damages, or attorneys' fees and expenses, against Sys-Con, H &B, or PPE. Upon Rincon's receipt of the proceeds specified in this Agreement, Sys-Con agrees that it does not have any claims for attorneys' fees and expenses, or any other claims against H & B, PPE, their contractors, and any third parties or insurers used by them, with regard to Rincon's claims.

3. **Withdrawal**. Jonathan Rincon will dismiss with prejudice the Lawsuit and will withdraw and release the mechanics lien filed on the Project. Sys-Con will dismiss with prejudice the Third Party Complaint against H & B and PPE.

4. **Release**. In consideration for the promises and commitments set forth in this Agreement, including the payments provided in Section 2 of this Agreement, Jonathan Rincon and Sys-Con hereby mutually release and forever discharge the other party, H & B USA LLC, PPE TRADING CO LLC, , their officers, directors, insurers and successors and assigns of each, of and from any and all claims, obligations or causes of action for equitable relief, compensatory, punitive or other damages, employee benefits, expenses (including attorneys' fees and costs), reimbursements or compensation of any kind, arising under the FLSA and any other applicable federal, state, or local wage and hour laws, as well as for allegedly unpaid wages or earnings as a matter of contract, quasi-contract, *quantum meruit*, or other applicable common law, for work performed and Jonathan Rincon's complaint against Sys-Con on the Project, up until the date of this Agreement. Sys-Con further agrees to release and forever discharge H & B USA LLC and PPE TRADING CO LLC from any claim or obligation for indemnification for work performed by Jonathan Rincon and Jonathan Rincon's complaint against Sys-Con on the Project, up until the date of this Agreement.

5. **Knowing and Voluntary Waiver**. Rincon acknowledges and agrees that his waiver of rights under this Agreement is knowing and voluntary. He further acknowledges that he understands the terms of this Agreement; that the actual payment is in exchange for his release of the claimed referenced in this Agreement; that he has consulted with his attorneys prior to executing this Agreement; that he has consulted with his attorneys in connection with his decision to enter into this Agreement, and that he has been represented by counsel throughout his dealings concerning this Agreement. Sys-Con acknowledges and agrees that its waiver of rights under this Agreement is knowing and voluntary. Sys-Con further acknowledges that Sys-Con understands the terms of this Agreement; that PPE's payment to Rincon is in exchange for Sys-Con's release of its claim referenced in this Agreement; that Sys-Con has consulted with its attorneys prior to executing this Agreement; that Sys-Con has consulted with its attorneys in connection with his decision to enter into this Agreement, and that Sys-Con has been represented by counsel throughout its dealings concerning this Agreement.

Nothing herein shall prevent Plaintiff from filing an administrative claim in the future with any government agency under the FLSA. Provided, however, Jonathan Rincon further agrees that, since he is settling disputed claims, he will not accept, recover, or receive any back pay, liquidated damages, statutory penalties, other damages, or any other form of relief based on any claims for alleged unpaid wages for work performed on the Project up until the date of this Agreement that may arise out of, or in connection with any individual, class, collective, representative, administrative, or arbitral proceeding pursued by any individual, class, union, or federal, state or local governmental agency against Sys-Con, H & B USA LLC, and PPE TRADING CO LLC, related to the Project.

The Parties agree to cooperate in good faith and take any needed actions, including filing a Joint Motion to Approve the Settlement Agreement and a proposed Order dismissing the claims

with prejudice, within five (5) days of the date of execution of this Agreement, to obtain final approval of the Agreement by the Court and implement the terms and conditions of the Agreement.

This Agreement also shall not apply to claims for unemployment compensation benefits and any other claim that is not waivable as a matter of law. Jonathan Rincon is not releasing claims that may arise in the future and other claims that cannot be released as a matter of law.

6. **Arm's Length Transaction**. The terms and conditions of this Agreement are the result of arm's-length negotiations between the Parties. Accordingly, this Agreement is not to be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of the Agreement.

7. **No Assignment**. The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, or any related action, and any attempt to do so shall be of no force or effect.

8. **Non-Precedential**. This Agreement does not set a precedent for any other dispute between the parties, and may not be referenced or introduced by any party in any other proceeding, except one involving released claims.

9. **Governing Law**. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the Southern District of Georgia, without regard to choice of law principles, except to the extent that the laws of the United States govern any matter set forth herein, in which case such federal law shall govern.

10. **Entire Agreement**. The Parties understand that this Agreement constitutes the entire agreement among Jonathan Rincon, Sys-Con, H & B and PPE, with respect to the subject matter thereof.

11. **Counterparts**. This Agreement may be executed in separate counterparts, each of which is deemed to be an original and all of which taken together constitute the same agreement.

**Jonathan Rincon**

_____

Dated:

Sworn to and subscribed before me
This 5 day of August, 2025

_Samantha B Barner_



**Sys-Con, LLC**

_signature_
Dated: 08/07/2025

**H & B USA, LLC**

_signature_
Dated: 8/7/25

**PPE Trading Co., LLC**

_signature_
Dated: 8/7/25

_Kim_

Sworn to and subscribed
before me
This 7th day of
August, 2025

_Kim_

Sworn to and subscribed
before me
This 7th day of
August, 2025



Sworn to and subscribed before me
this 7th day of August, 2025

5

# SETTLEMENT AGREEMENT AND FULL AND
# FINAL RELEASE OF CLAIMS FOR UNPAID WAGES

This Settlement Agreement and Full and Final Release of Claims for Unpaid Wages ("Agreement") is made and entered into by and among Sys-Con, LLC ("Sys-Con"), H&B USA, LLC ("H&B"), PPE Trading Co LLC ("PPE")., and Martin Garcia ("Garcia"), collectively the "Parties," for the purposes of resolving and settling *Rincon,* et al. v. *Sys-Con* LLC v. H&B USA, LLC and PPE Trading Co.,LLC Case No. 4:24-cv-00194-RSB-CLR, filed in the United States District Court of Georgia, Savannah Division ("Lawsuit").

**WHEREAS,** Martin Garcia filed a Lawsuit against Sys-Con to collect unpaid wages, plus statutory damages, under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*, for work performed at a construction project at 10484 US-280 Ellabell, Georgia 31308 ("the Project").

**WHEREAS**, Sys-Con has filed a Third Party Complaint against H &B and PPE;

**WHEREAS**, Martin Garcia was hired by PPE to work at the Project;

**WHEREAS**, the Parties desire to resolve and settle all claims that Plaintiff has or may have against Sys-Con, H & B USA LLC, PPE TRADING CO LLC, their contractors, and any third parties or insurers used by them and that Sys-Con has or may have against H & B and PPE, arising from this Lawsuit;

**WHEREAS,** PPE has agreed to pay the gross amount of $17,439.00, plus attorneys' fees of $5,000, in consideration for the terms and actions outlined in this Agreement;

**NOW, THEREFORE**, in consideration of the covenants, mutual promises, and agreements and payment contained in this Agreement and intending to be legally bound, the Parties agree as follows:

1. **No Admission**. Sys-Con, H & B and PPE have entered into this Agreement to avoid the expense, uncertainty, and delay of possible litigation. Sys-Con, H & B and PPE expressly deny that they are liable or owe any unpaid wages or other damages to Martin Garcia. H & B and PPE expressly deny that they are liable or owe any indemnification for Martin Garcia's complaint. In no event shall this Agreement be used as evidence of liability or wrongdoing by Sys-Con, H & B USA LLC, PPE TRADING CO LLC, their contractors, or any third parties or insurers used by them.

2. **Payments and Representation by Contractors**. In consideration for the terms and actions outlined in this Agreement, PPE, within forty-eight hours of the Court's approval of this Agreement, has agreed to pay Martin Garcia a total gross amount of $22,439 ("Settlement Amount"), representing:

1

      i. $8,719.50 in unpaid overtime wages;

      ii. $8,719.50 in in liquidated damages, which shall be treated as non-wage income and;

      iii. $5,000 in attorneys' fees and expenses, for which a 1099 will be issued to Garcia and his attorney, O'Donoghue & O'Donoghue, LLP. The attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff.

    Prior to the issuance of these payments, PPE may request that Martin Garcia provides PPE with an I.R.S. Form W-4, as well as an I.R.S. Form W-9. However, PPE agrees that it will make payment to Martin Garcia irrespective of the completion and production of an I.R.S. Form W-4 and/or an I.R.S. Form W-9. Furthermore, PPE agrees that Martin Garcia may provide, and PPE will accept, an I.R.S Form W-9 solely for purposes of the non-wage income payment without regard to Martin Garcia's completion and production of an I.R.S. Form W-4.

    The checks will be made out to O'Donoghue & O'Donoghue LLP to be deposited into a client trust account and mailed to Andrew Costa-Kelser, O'Donoghue & O'Donoghue LLP, 5301 Wisconsin Avenue NW, Suite 800, Washington, DC 20015, by overnight mail. These payments are in consideration for the promises and commitments set forth in this Agreement and is in full and final resolution of Martin Garcia's claims against Sys-Con, H & B USA LLC, PPE TRADING CO LLC, their contractors, and any third parties or insurers used by them for work performed on the Project up until the date of this Agreement, and all claims Martin Garcia could have brought against Sys-Con, H & B USA LLC, PPE TRADING CO LLC, their contractors, and any third parties or insurers used by them for work performed on the Project under the FLSA or any other applicable federal, state, or local wage and hour laws, as well as for unpaid wages or earnings as a matter of contract, quasi-contract, *quantum meruit*, or other applicable common law, including for any award of attorneys' fees and costs, up until the date of this Agreement. These payments are also in consideration for the promises and commitments set forth in this Agreement and is in full and final resolution of Sys-Con's claims against H & B USA LLC, PPE TRADING CO LLC, their contractors, and any third parties or insurers used by them for Martin Garcia's complaint against Sys-Con up until the date of this Agreement, and all claims Sys-Con could have brought against H & B USA LLC, PPE TRADING CO LLC, their contractors, and any third parties or insurers used by them for Martin Garcia's complaint against Sys-Con under any other applicable federal, state, or local laws, as well as for indemnification as a matter of contract, quasi-contract, *quantum meruit*, or other applicable common law, including for any award of attorneys' fees and costs, up until the date of this Agreement.

    Upon receipt of the proceeds specified in this Agreement, Garcia agrees that he has been fully paid for all hours worked on the Project and he does not have any claims for wages, overtime wages, liquidated damages, or attorneys' fees and expenses against Sys-Con, H &B, or PPE,. Upon Garcia's receipt of the proceeds specified in this Agreement, Sys-Con agrees that it does not have any claims for attorneys' fees and expenses, or any other claims against H & B, PPE, their contractors, and any third parties or insurers used by them, with regard to Garcia's claims**.**

3. **Withdrawal**. Martin Garcia will dismiss with prejudice the Lawsuit and will withdraw and release the mechanics lien filed on the Project. Sys-Con will dismiss with prejudice the Third Party Complaint against H & B and PPE.

4. **Release**. In consideration for the promises and commitments set forth in this Agreement, including the payments provided in Section 2 of this Agreement, Martin Garcia and Sys-Con hereby mutually release and forever discharge the other party, H & B USA LLC, and PPE TRADING CO LLC, their officers, directors, insurers and successors and assigns of each, of and from any and all claims, obligations or causes of action for equitable relief, compensatory, punitive or other damages, employee benefits, expenses (including attorneys' fees and costs), reimbursements or compensation of any kind, arising under the FLSA and any other applicable federal, state, or local wage and hour laws, as well as for allegedly unpaid wages or earnings as a matter of contract, quasi-contract, *quantum meruit*, or other applicable common law, for work performed and Martin Garcia's complaint against Sys-Con on the Project, up until the date of this Agreement. Sys-Con further agrees to release and forever discharge H & B USA LLC and PPE TRADING CO LLC from any claim or obligation for indemnification for work performed by Martin Garcia and Martin Garcia's complaint against Sys-Con on the Project, up until the date of this Agreement.

5. **Knowing and Voluntary Waiver**. Garcia acknowledges and agrees that his waiver of rights under this Agreement is knowing and voluntary. He further acknowledges that he understands the terms of this Agreement; that the actual payment is in exchange for his release of the claimed referenced in this Agreement; that he has consulted with his attorneys prior to executing this Agreement; that he has consulted with his attorneys in connection with his decision to enter into this Agreement, and that he has been represented by counsel throughout his dealings concerning this Agreement. Sys-Con acknowledges and agrees that its waiver of rights under this Agreement is knowing and voluntary. Sys-Con further acknowledges that Sys-Con understands the terms of this Agreement; that PPE's payment to Garcia is in exchange for Sys-Con's release of its claim referenced in this Agreement; that Sys-Con has consulted with its attorneys prior to executing this Agreement; that Sys-Con has consulted with its attorneys in connection with his decision to enter into this Agreement, and that Sys-Con has been represented by counsel throughout its dealings concerning this Agreement.

Nothing herein shall prevent Plaintiff from filing an administrative claim in the future with any government agency under the FLSA. Provided, however, Martin Garcia further agrees that, since he is settling disputed claims, he will not accept, recover, or receive any back pay, liquidated damages, statutory penalties, other damages, or any other form of relief based on any claims for alleged unpaid wages for work performed on the Project up until the date of this Agreement that may arise out of, or in connection with any individual, class, collective, representative, administrative, or arbitral proceeding pursued by any individual, class, union, or federal, state or local governmental agency against Sys-Con, H & B USA LLC, and PPE TRADING CO LLC, related to the Project.

The Parties agree to cooperate in good faith and take any needed actions, including filing a Joint Motion to Approve the Settlement Agreement and a proposed Order dismissing the claims

with prejudice, within five (5) days of the date of execution of this Agreement, to obtain final approval of the Agreement by the Court and implement the terms and conditions of the Agreement.

This Agreement also shall not apply to claims for unemployment compensation benefits and any other claim that is not waivable as a matter of law. Martin Garcia is not releasing claims that may arise in the future and other claims that cannot be released as a matter of law.

6. **Arm's Length Transaction**. The terms and conditions of this Agreement are the result of arm's-length negotiations between the Parties. Accordingly, this Agreement is not to be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of the Agreement.

7. **No Assignment**. The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, or any related action, and any attempt to do so shall be of no force or effect.

8. **Non-Precedential**. This Agreement does not set a precedent for any other dispute between the parties, and may not be referenced or introduced by any party in any other proceeding, except one involving released claims.

9. **Governing Law**. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the Southern District of Georgia, without regard to choice of law principles, except to the extent that the laws of the United States govern any matter set forth herein, in which case such federal law shall govern.

10. **Entire Agreement**. The Parties understand that this Agreement constitutes the entire agreement among Martin Garcia, Sys-Con, H & B and PPE, with respect to the subject matter thereof.

11. **Counterparts**. This Agreement may be executed in separate counterparts, each of which is deemed to be an original and all of which taken together constitute the same agreement.

federal, state or local governmental agency against Sys-Con, H & B USA LLC, and PPE TRADING CO LLC, related to the Project.

The Parties agree to cooperate in good faith and take any needed actions, including filing a Joint Motion to Approve the Settlement Agreement and a proposed Order dismissing the claims with prejudice, within five (5) days of the date of execution of this Agreement, to obtain final approval of the Agreement by the Court and implement the terms and conditions of the Agreement.

This Agreement also shall not apply to claims for unemployment compensation benefits and any other claim that is not waivable as a matter of law. Martin Garcia is not releasing claims that may arise in the future and other claims that cannot be released as a matter of law.

6. **Arm's Length Transaction**. The terms and conditions of this Agreement are the result of arm's-length negotiations between the Parties. Accordingly, this Agreement is not to be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of the Agreement.

7. **No Assignment**. The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, or any related action, and any attempt to do so shall be of no force or effect.

8. **Non-Precedential**. This Agreement does not set a precedent for any other dispute between the parties, and may not be referenced or introduced by any party in any other proceeding, except one involving released claims.

9. **Governing Law**. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the Southern District of Georgia, without regard to choice of law principles, except to the extent that the laws of the United States govern any matter set forth herein, in which case such federal law shall govern.

10. **Entire Agreement**. The Parties understand that this Agreement constitutes the entire agreement among Martin Garcia, Sys-Con, H & B and PPE, with respect to the subject matter thereof.

11. **Counterparts**. This Agreement may be executed in separate counterparts, each of which is deemed to be an original and all of which taken together constitute the same agreement.

Martin Garcia
M M

Dated:

Sworn to and subscribed before me

This 1st day of August, 2025

[Notary seal: DHALIA L. ALANIS ESPARZA, MY COMMISSION # HH 506175, EXPIRES: March 20, 2028]

Dhalia L Alanis Esparza

Sys-Con, LLC

Dated: 08/09/2025

H & B USA, LLC

Dated: 8/7/25

PPE Trading Co., LLC

Dated: 8/7/25

Sworn to and subscribed before me this 7th day of August, 2025

[Notary seal: JAEYOUNG PARK, NOTARY PUBLIC, FULTON COUNTY, GEORGIA, My Commission Expires January 30, 2029]

Sworn to and subscribed before me this 7th day of August, 2025

/s/ Kim

[Notary seal: CHANG KIM, NOTARY PUBLIC, GWINNETT COUNTY, GEORGIA, MY COMMISSION EXPIRES JULY 14, 2028]

Sworn to and subscribed before me this 7th day of August, 2025

/s/ Kim

[Notary seal: CHANG KIM, NOTARY PUBLIC, GWINNETT COUNTY, GEORGIA, MY COMMISSION EXPIRES JULY 14, 2028]

2